TANYA RODGERS,

    Plaintiff,

vs.

HARRISON BOARD OF EDUCATION, JAMES P. DORAN, JOHN DOES #1-10,

    Defendants.

Civ. No. 2:17-cv-5406-KM-CLW

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Tanya Rodgers, pro se, sues the Harrison Board of Education and the Assistant Superintendent of Harrison Schools, alleging discriminatory employment actions. Defendants filed a motion to dismiss the complaint for failure to state a claim. Defendants' motion to dismiss is granted.

### I. BACKGROUND[1]

Tanya Rodgers, a resident of New York, alleges that the Harrison Board of Education ("Harrison BOE") and James P. Doran, the Assistant Superintendent of Harrison Schools, discriminated against her on the basis of race and color. (Compl. at 1-2, 4). Here are the facts pled in the Complaint, in their entirety:

---

[1] The facts are stated with inferences drawn in favor of the plaintiff on this motion to dismiss. *See* Section II, *infra*. Citations to the Complaint for Employment Discrimination (ECF No. 1) are abbreviated as "Compl." I also have reviewed the complaint with an eye to the principle that a pro se pleading is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted).

1

> In May of 2015 I applied for a substitute teacher position with the Defendant, Harrison Board of Education. Assignments were directed via the Assistant Superintendent James Doran. On December 8, 2016 I was terminated without cause. That an investigation was taking place regarding allegations that I used my mobile phone and would be contacted. To date, I've made multiple telephone calls to Mr. Doran's office regarding his "investigation" and status of my release. I have yet to receive a written or oral reply or explanation regarding my employment. The Substitute Teacher Handbook Policy on termination cites and invokes a 3 strike you're out rule. I never well received a verbal or written notification warning or otherwise with respect to my performance etc. Mr. Doran did tell me that [sic]

[Compl. § III.E at p. 5]

Ms. Rodgers filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Ms. Rodgers a right-to-sue letter on April 28, 2017. (ECF No. 1-3). Ms. Rodgers then filed suit in this court on July 17, 2017, within 90 days of receipt of notice. (Compl; ECF No. 1-2).

Ms. Rodgers asserts claims of discrimination on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12. (Compl. at 3). The discriminatory conduct alleged is termination of employment, failure to promote, unequal terms and conditions of employment, and retaliation. (Compl. at 4).

Now before the court is the defendants' motion to dismiss for failure to state a claim on which relief can be granted.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels &*

*Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The United States Court of Appeals for the Third Circuit has explicated the *Twombly/Iqbal* standard on several occasions. *See, e.g., Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 70-73 (3d Cir. 2011); *Santiago v. Warminster Twp.*, 629 F.3d 121, 129-30 (3d Cir. 2010). In doing so, it has provided a three-step process for evaluating a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 & n.7 (3d Cir. 2016); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

### III. DISCUSSION

Ms. Rodgers's complaint fails to state a claim under Title VII. To state a prima facie case of discrimination under Title VII, a plaintiff must show: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; (4) under circumstances that raise an inference of discriminatory action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).[2]

Ms. Rodgers does not plead element (1) specifically. The EEOC papers attached to her Complaint, however, imply that she identified herself as African-American (ECF no. 1-2), and I will assume that to be true. She fails to plead element (2), *i.e.*, that she was qualified for the position, although again a very generous reading of the allegations might yield such an implication. She does plead element (3) by stating that she was terminated from her position. (Compl. at 5).

---

[2] NJLAD applies the same framework as Title VII for anti-discrimination claims. *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Grigoletti v. Ortho Pharm. Corp.*, 570 A.2d 903, 906-07 (N.J. 1990). Because the single federal claim fails, however, I will not consider any state law claim. *See* 28 U.S.C. § 1367.

4

Even assuming *arguendo* that Ms. Rodgers satisfies the first three elements, the complaint fails to plead "circumstances that raise an inference of discriminatory action." *Cf. Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538-39 (D.N.J. 2014). The complaint does not plead facts suggesting that defendants committed the other alleged adverse employment actions, such as failure to promote, unequal terms and conditions of employment, and retaliation, on some discriminatory or wrongful basis. (*See* Facts, quoted above.) The stated basis for termination, according to Ms. Rodgers, was her use of her cell phone while at work. There are no factual allegations to suggest that Ms. Rodgers was terminated on the basis of race or color. The complaint does not allege any facts showing discriminatory treatment, unequal treatment on the basis of race, race-based harassment, etc., that would allow this court to infer that the basis for Ms. Rodgers's termination was racial discrimination. Therefore, I dismiss Ms. Rodgers' complaint for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the motion of Harrison BOE and Mr. Doran to dismiss the complaint for failure to state a claim is granted. This dismissal is without prejudice to the filing, within 30 days, of an amended complaint that remedies the deficiencies identified above.

An appropriate order accompanies this opinion.

Dated: May 1, 2018

**KEVIN MCNULTY**
**United States District Judge**